UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TIMOTHY DEBRITTO, EDWIN MCGILL, ONEIL HERNANDEZ MALAVE, STERLING STEVENS, CHRISTOPHER BANKS and JONATHAN ARCHIE, Plaintiffs, | : : : : : : |
| v. | : C.A. No. 24-18WES : |
| RHODE ISLAND GENERAL ASSEMBLY, RHODE ISLAND SUPERIOR COURT and RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL, Defendants. | : : : : : |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

**Introduction and Background**

Invoking 42 U.S.C. § 1983 and seeking to represent a class of similarly situated inmates, *pro se*[1] Plaintiffs Timothy DeBritto, Edwin McGill, Oneil Hernandez Malave, Sterling Stevens, Christopher Banks and Jonathan Archie, prisoners held in Rhode Island's Adult Correctional Institutions ("ACI"), each have signed a Complaint against Rhode Island's General Assembly, Superior Court and Office of the Attorney General. They allege that ACI inmates serving prison sentences and convicted of probation violations committed while incarcerated may serve "more prison time when their probation period did not begin yet," as well as that the Superior Court and the Attorney General's Office do not inform ACI inmates how the probation laws of Rhode Island are applied in these circumstances. ECF No. 1 at 5. They contend that Rhode Island's probation scheme in R.I. Gen. Laws §§ 12-19-8 and 12-19-9, as interpreted by the Rhode Island

---

[1] I have leniently reviewed the *pro se* Plaintiffs' allegations and legal claims. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

Supreme Court in State v. Barber, 767 A.2d 78, 79-80 (R.I. 2001) (per curiam),[2] and as applied by the Office of the Attorney General and the Superior Court, unconstitutionally exposes ACI inmates to "serving prison sentences and probation at the same time." ECF No. 1 at 5. Plaintiffs allege that this aspect of Rhode Island's probation scheme is barred by the Double Jeopardy Clause in the Fifth Amendment of the United States Constitution.[3] For relief, Plaintiffs ask this Court to abolish Rhode Island's laws and practices to the extent that they expose Rhode Island citizens to serving prison and probation sentences at the same time, as well as to provide relief to all citizens "affected by this unconstitutional practice." ECF No. 1 at 5.

Beyond the conclusory allegation that "Plaintiffs are **ALL** serving sentences designed to give a more severe punishment," ECF No. 1 at 5 (emphasis in original), the Complaint contains no facts regarding how or whether any Plaintiff has allegedly been exposed to double jeopardy. Nor does it provide any facts pertaining to whether any Plaintiff raised the Double Jeopardy Clause as a bar during any state court proceeding, including whether double jeopardy was argued on direct appeal, during any post-conviction proceeding, or as the basis for a habeas challenge to his sentence. Rather, the Complaint seems simply to be asking this Court to render an advisory opinion regarding the constitutionality of Rhode Island's probation scheme as generally applied to ACI inmates who have violated probation conditions while incarcerated.

---

[2] Barber deals with a prisoner sentenced to a term of incarceration divided into a term of years to serve followed by a term of years suspended with probation. Barber, 767 A.2d at 79. It holds that, if such a prisoner commits a new crime while in prison during the years to serve, he may be required to serve some of the years that were suspended even though the violation of probation was committed while he was incarcerated and before he was released on probation – "a prisoner may be adjudged a probation violator while incarcerated and before a probationary period has actually begun, regardless of the sentencing justice's articulation of the sentence imposed." Id. This principle was most recently reaffirmed in State v. Bienaime, 263 A.3d 77, 84 (R.I. 2021) ("a defendant may be found to be in violation of the terms of probation prior to lawful release from incarceration").

[3] The Double Jeopardy Clause provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It bars successive prosecution and successive punishment for the same offense. Witte v. United States, 515 U.S. 389, 395-96 (1995).

Each Plaintiff has signed and filed an application to proceed *in forma pauperis* ("IFP").[4] ECF Nos. 2, 2-1 – 2-5. These IFP applications have been referred to me.[5] They trigger the Court's obligation to screen the Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and to dismiss any claim that, *inter alia*, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). For the reasons that follow, I find that the Complaint fails to state a claim that complies with the pleading requirement that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Further, the Complaint transgresses the Cases-or-Controversies requirement in Article III of the Constitution, which prohibits this Court from issuing advisory opinions. See Cotter v. City of Bos., 323 F.3d 160, 173 (1st Cir. 2003). Accordingly, I recommend that Plaintiffs be afforded an opportunity to amend and that, as to each, if they fail to do so or if the amended pleading still fails to state a claim, the case be dismissed.

## Standard of Review

---

[4] The IFP applications appear to establish that each Plaintiff is likely financially eligible. However, none includes a copy of the inmate account statement as required by 28 U.S.C. § 1915(a)(2). For any Plaintiff whose claim survives screening, the Court will assess IFP eligibility only after the inmate account statement is received. See Sevegny v. Robinson, C.A. No. 23-cv-203-JJM-PAS, 2023 WL 5549944, at *2 & n.3 (D.R.I. Aug. 29, 2023), adopted by text order (D.R.I. Sept. 14, 2023).

[5] Also referred to me is Plaintiffs' collective motion for appointment of counsel. ECF No. 4. As civil litigants, Plaintiffs do not have an absolute right to appointed counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Further, for appointment of *pro bono* counsel, Plaintiffs bear the burden of demonstrating that "exceptional circumstances [a]re present such that a denial of counsel [i]s likely to result in fundamental unfairness impinging on [their] due process rights." Id. In determining whether exceptional circumstances exist, the Court must examine the total situation, considering the merits of the case, the complexity of the legal issues and the litigant's ability to represent himself. Id. at 24. Because DesRosiers requires the Court to focus first on the merits of the claim, mindful of my conclusion that, as pled, the Complaint should be dismissed, the Court has denied by separate text order Plaintiffs' motion for appointed counsel as premature, without prejudice to it being refiled as to any claim that survives screening. See generally Albanese v. Blanchette, C.A. No. 20-00345-WES, 2021 WL 5111862, at *1 (D.R.I. Nov. 3, 2021). Such a motion will be granted if and when it meets the DesRosiers standard.

Section 1915A of Title 28 requires a federal court to dismiss an action brought by a prisoner if the court determines, taking all allegations as true and having drawn all reasonable inferences in favor of the claimant, that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915A(b); DeBritto v. Coyne-Fague, C.A. No. 22-188WES, 2022 WL 2663995, at *2 (D.R.I. July 11, 2022). The standard of review for dismissal of an action at screening is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). DeBritto, 2022 WL 2663995, at *2. To survive screening, a complaint must contain facts sufficient to state a claim that is plausible. Ashcroft, 556 U.S. at 678; Lucas v. Garland, C.A. No. 23-225WES, 2023 WL 4706818, at *3 (D.R.I. July 24, 2023). The plausibility inquiry requires the court to distinguish factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited). Silva v. Rhode Island, C.A. No. 19-568JJM, 2020 WL 5258639, at *2 (D.R.I. Sept. 1, 2020), adopted by text order (D.R.I. Sept. 16, 2020).

## Analysis

The power of federal courts to consider cases is strictly cabined by Article III's Cases-or-Controversies requirement, which prohibits courts from issuing advisory opinions or decisions based on hypothetical facts or abstract issues. TransUnion LLC v. Ramirez, 594 U.S. 413, 423-24 (2021); Irregulators v. FCC, 953 F.3d 78, 82 (D.C. Cir. 2020). The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care, 968 F.3d 738, 746 (9th Cir. 2020) (internal quotation marks omitted). A claimant's "prayer for a declaration of

unconstitutionality – standing alone – does not state a claim that can be asserted in a federal court." Lucas, 2023 WL 4706818, at *6 n.10.

With no facts laying out how any Plaintiff has been exposed to double jeopardy by the State's probation scheme on its face or as applied, the Complaint is seeking an advisory opinion on the matter, which this Court cannot provide. See Cotter, 323 F.3d at 173. In addition, with no facts, the pleading does not satisfy the Iqbal/Twombly plausibility standard, particularly where it is difficult to understand how the challenged probation scheme conceivably might transgress the Double Jeopardy Clause. See, e.g., Johnson v. United States, 529 U.S. 694, 700-01 (2000) (post-revocation sanctions are part of penalty for original conviction); United States v. DiFrancesco, 449 U.S. 117, 137 (1980) ("there is no double jeopardy protection against revocation of probation and the imposition of imprisonment"); Dantzler v. State of R.I., No. C.A. 97-251ML, 1998 WL 102615, at *3 (D.R.I. Feb. 12, 1998) (no constitutional infirmity in Rhode Island's practice of permitting suspended sentence or probationary term to be revoked based on criminal acts committed after imposition of sentence but prior to commencement of suspended or probationary period). As Iqbal dictates, a claim must demonstrate "more than a sheer possibility that a defendant has acted unlawfully," 556 U.S. at 678, which this Complaint utterly fails to do. Relatedly, with no facts, the Complaint also fails to comply with Fed. R. Civ. P. 8(a), which requires that it must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (internal quotation marks omitted), and must "set forth minimal facts as to who did what to whom, when, where and why." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Based on this deficiency, I recommend that the Complaint be dismissed, albeit with leave to amend to allow

any or all of Plaintiffs to add facts sufficient to meet the pleading requirements of Article III's Cases-or-Controversies requirement, Iqbal/Twombly and Fed. R. Civ. P. 8(a).

Apart from its factual insufficiency, this Complaint is also fatally flawed to the extent that Plaintiffs purport to bring the case as a class action on behalf of similarly situated inmates. These class claims must be summarily dismissed because Plaintiffs are barred from representing the interests of other inmates. Nickerson v. Providence Plantation, C.A. No. 19-00030-WES, 2019 WL 720703, at *4 (D.R.I. Feb. 20, 2019) ("[i]ndividuals appearing *pro se* cannot adequately represent and protect the interests of a Rule 23 class"), adopted by text order (D.R.I. Nov. 19, 2019), aff'd, No. 21-1444 (1st Cir. Mar. 13, 2023); Young v. Wall, 228 F.R.D. 411, 412 (D.R.I. 2005) (*pro se* plaintiff not allowed to represent proposed class because he is not attorney and cannot adequately represent class members). This principle is consistent with the applicable federal statute. See 28 U.S.C. § 1654 ("[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein"). It is also memorialized in the Court's Local Rules. DRI LR Gen 205(a)(2); see Munir v. R.I. Super. Ct., C.A. No. 22-39MSM, 2022 WL 669699, at *3 (D.R.I. Mar. 7, 2022), adopted sub nom., Munir v. R.I. Super. Ct. Corp., 2022 WL 844233 (D.R.I. Mar. 22, 2022). I recommend that the class claims be dismissed forthwith.

The final matter for the Court's consideration is applicable only to one of Plaintiffs – Plaintiff Timothy DeBritto. Cursory research suggests that he is a "three-striker"[6] pursuant to

---

[6] As of this writing, it appears that Plaintiff DeBritto has the following potential strikes: DeBritto v. Figueredo, 23-cv-504-MSM-LDA (IFP denied, dismissed for failure to state a claim); DeBritto v. Coyne-Fague, 22-cv-188-WES-PAS (dismissed for failure to state a claim despite exercise of right to amend); DeBritto v. Coyne-Fague, 20-cv-326-MSM-LDA (IFP denied, case dismissed for failure to state a claim).

the PLRA – a prisoner who has had three or more cases dismissed by a federal court as frivolous or malicious or for failure to state a claim. If true, this would bar him from proceeding IFP unless the pleading alleges that he "is under imminent danger of serious physical injury," which this Complaint does not. 28 U.S.C. 1915(g). Therefore, to the extent that Plaintiff DeBritto files both an amended pleading that survives screening and his inmate account statement in aid of his IFP application, I order that he must also show cause why the three-strike rule does not bar him from IFP status. See Sevegny v. Rhode Island Dep't of Corr., C.A. No. 22-271WES, 2022 WL 4235152, at *5 (D.R.I. Sept. 14, 2022) (following notice in show cause order, Court finds Plaintiff is three-striker), appeal dismissed, No. 22-1722, 2022 WL 19569463 (1st Cir. Nov. 8, 2022), adopted by text order (D.R.I. Dec 14, 2022). Plaintiff DeBritto's other option is to pay the filing fee.

### Conclusion

Based on the foregoing analysis, I find that, as pled as to all Plaintiffs, the Complaint (ECF No. 1) is subject to dismissal because it lacks any facts that plausibly state a claim for relief arising under the Fifth Amendment's Double Jeopardy Clause or otherwise under the United States Constitution or the laws of the United States. Because it is conceivable that one or more Plaintiffs may be able to overcome this deficiency, I recommend that the Court allow each of them thirty days from the issuance of this Report and Recommendation to file an Amended Complaint. As to each Plaintiff, if they fail to do so, or if the Amended Complaint still fails to state a plausible claim, I recommend that the Court dismiss the case. I further recommend that all claims brought on behalf of similarly situated inmates be summarily dismissed because these

*pro se* Plaintiffs cannot proceed in a representative capacity on behalf of a Fed. R. Civ. P. 23 class.[7]

As to any claims that survive screening, I recommend that the IFP application(s) shall remain pending, subject to further review of the requisite inmate account statements, which shall be filed within thirty days of the issuance of this Report and Recommendation. Only as to Plaintiff DeBritto, I recommend that his IFP application shall remain pending subject to further review of his submission showing cause why the three-strike rule does not bar him from proceeding IFP, which shall be filed within thirty days of the issuance of this Report and Recommendation. Alternatively, he may withdraw his IFP application and pay the filing fee within thirty days of the issuance of this Report and Recommendation. As to any Plaintiff who fails to comply with these requirements, I recommend that the IFP application be denied.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 22, 2024

---

[7] Pending but not referred to me is Plaintiffs' motion to certify class. ECF No. 3. If the Court adopts my recommendation, this motion will be moot.

*pro se* Plaintiffs cannot proceed in a representative capacity on behalf of a Fed. R. Civ. P. 23 class.[7]

As to any claims that survive screening, I recommend that the IFP application(s) shall remain pending, subject to further review of the requisite inmate account statements, which shall be filed within thirty days of the issuance of this Report and Recommendation. Only as to Plaintiff DeBritto, I recommend that his IFP application shall remain pending subject to further review of his submission showing cause why the three-strike rule does not bar him from proceeding IFP, which shall be filed within thirty days of the issuance of this Report and Recommendation. Alternatively, he may withdraw his IFP application and pay the filing fee within thirty days of the issuance of this Report and Recommendation. As to any Plaintiff who fails to comply with these requirements, I recommend that the IFP application be denied.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 22, 2024

---

[7] Pending but not referred to me is Plaintiffs' motion to certify class. ECF No. 3. If the Court adopts my recommendation, this motion will be moot.